IN RE ISON.

(No. 2417—Decided March 29, 1989.)

*Raymond E. Leisy,* assistant prosecuting attorney, for appellees.

*Roger W. Kienzle, Jr.,* county public defender, *Legal Aid Society* and *Brian Chisnell,* for appellant.

REECE, J. Permanent custody of David Ryan Ison, born October 17, 1983, and Shane Donovan Ison, born February 18, 1986, was granted to the Wayne County Children's Services Board ("CSB") in August 1988. David and Shane have been in the temporary custody of CSB since January 15, 1987. On February 5, 1987, David and Shane were adjudicated dependent children.

Several comprehensive reunification plans were filed. However, on December 17, 1987, CSB moved for permanent custody of David and Shane. After a hearing, permanent custody was granted to CSB; Rose Ison, David and Shane's mother, was deprived of the care and custody of the children. Ms. Ison appeals.

### Assignment of Error

"The trial court failed to follow R.C. 2151.414(A)(2) by proceeding to a determination of the best interests of the children without further inquiry into whether appellant would act in the near future so that her children would continue to be without adequate parental care."

Ms. Ison contends that the trial court erred by not determining whether she would continue to act in the near future in such a manner that the children would be without adequate parental care. Ms. Ison specifically alleges that the trial court did not follow the proper statutory procedure.

Before a trial court may terminate parental rights and grant permanent custody to CSB, R.C. 2151.414(A) requires that the trial court determine: (1) that CSB has made a good faith effort to implement the initial and subsequent reunification plans; (2) that the parents have acted so as to leave the child without adequate parental care and that they will continue to do so in the near future; and (3) that it is in the best interests of the child to permanently terminate parental rights. Permanent custody may be granted to CSB only if the trial court determines upon clear and convincing evidence that the child is without adequate parental care and the parents will continue to act in the near future in such a manner that the child will continue to be without adequate parental care. R.C. 2151.414(B); *In re Schmidt* (1986), 25 Ohio St. 3d 331, 25 OBR 386, 496 N.E. 2d 952.

R.C. 2151.414 sets out several factors to be considered in making a determination of adequate parental care, including the extent to which the parents have conformed to the court-ordered reunification plans; their existing mental and emotional status; and any physical, emotional, or mental neglect of the child.

The court found that:

"Rose Ison has shown little, if any, bonding with her children. She has demonstrated a lack of awareness, as a mother, of Shane's lack of development and an inability on her part to recognize sexual problems with David. She acknowledged that the children were dependent children and she was not able to protect David from her boyfriends. The testimony from professionals as well as [from] her own mother was abundant that Rose would avoid adequate motherly care of her children in deference to men or the man in her life at the time. The testing of the children as well as their actions bear out an inadequacy of motherly care, affection and responsibility and she has shown no motivation for improvement."

Ms. Ison was seen by several psychologists who diagnosed her as having a personality disorder described as passive aggressive with dependent features. Although Ms. Ison underwent several months of therapy, there was no substantial change in her tests made during 1987 and those made in 1988. To overcome this personality disorder would take years of intense psychotherapy. The record indicates that Ms. Ison was not motivated and did not establish any goals for treatment during the year and a half that CSB had temporary custody of the children.

Unlike the case of *In re Lay* (1987), 43 Ohio App. 3d 78, 539 N.E. 2d 664, relied upon by Ms. Ison, the record supports the trial court's finding that David and Shane were, and would continue to be, children without adequate parental care. Accordingly, the trial court did not err in concluding that the children would be without adequate parental care.

Ms. Ison's assignment of error is not well-taken and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.